### KENTENIA COAL CO. v. TYREE.

(Circuit Court of Appeals. Sixth Circuit. March 6, 1925.)

No. 4129.

**1. Pleading ⊜183—Failure to traverse allegations of reply held not to affect material issues joined.**

Failure of defendant to traverse by a rejoinder material facts pleaded by plaintiff in an amended reply *held*, in view of denials in the answer, to leave issues joined on all material questions, and rejoinder was not indispensable, under Civ. Code Prac. Ky. § 114, requiring material issue to be performed by pleadings.

**2. Sales ⊜53(1)—Evidence held to require submission of case to jury.**

Evidence *held* to present such conflict as to require submission of the question whether plaintiff was acting as defendant's agent, or whether the relationship under which plaintiff claimed profits of purchases and sales was merely one of contract, to the jury.

In Error to the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

Action by M. M. Tyree against the Kentenia Coal Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

The plaintiff's cause of action was based upon a contract which he claimed had been entered into between himself and the defendant, the Kentenia Coal Company, by the terms of which the Kentenia Coal Company, for a commission of 8 per cent., had agreed to act as his agent in the sale of a large quantity of coal, which plaintiff claimed he had purchased on his own account from the Opperman Coal Company; that this coal, in pursuance of the terms of the contract, had been sold by the defendant, who paid the Opperman Coal Company the mine price therefor, but had failed and refused to account to this plaintiff for the balance of the profits over the cost of the coal and 8 per cent. commission, amounting in the aggregate to $72,838.08.

The answer denied that plaintiff had purchased this coal on his own account, and specifically denied that it had ever made any contract with the plaintiff by which it was to act as his agent in the sale of this coal; that on March 24, 1920, it entered into a contract with plaintiff by the terms of which plaintiff was to act as its agent for the purchase of coal, and that all coal purchased by the plaintiff during the existence of this contract was purchased for and on behalf of the defendant. The plaintiff, in his amended reply, filed shortly before the trial, admitted that he had entered into this contract of March 24, 1920, by the terms of which he was to act as defendant's agent in the purchase of coal, but that he could not purchase this coal for defendant, and that defendant, with full knowledge of the facts, waived the provisions of this written contract of agency, and consented that he might purchase this coal on his own account, and thereupon entered into the contract to sell the same as his agent upon the terms and conditions stated in the petition. At the conclusion of all the evidence the court directed a verdict for the full amount claimed by the plaintiff, with interest from January 1, 1921, amounting in the aggregate to $80,886.68.

F. E. Wood and Charles Sawyer, both of Cincinnati, Ohio (Dinsmore, Shohl & Sawyer, of Cincinnati, Ohio, on the brief), for plaintiff in error.

S. S. Willis and John F. Hager, both of Ashland, Ky. (Hager & Stewart, of Ashland, Ky., on the brief), for defendant in error.

Before DONAHUE, MACK, and KNAPPEN, Circuit Judges.

PER CURIAM. The case presents but two questions: First, was the plaintiff entitled to a directed verdict, for the reason that defendant filed no rejoinder traversing the material facts pleaded in plaintiff's amended reply? Second, was the plaintiff, upon all the evidence, entitled to a directed verdict?

[1] In reference to the first question, it is claimed that under the Civil Code of Practice in Kentucky (section 114) the parties must, before trial, have formed the pleadings of material issues concerning each cause of controversy; that it is the duty of the court, with or without motion, to compel them to do so, by reforming the pleadings, or by striking from the file the pleadings of the party at fault; and that, unless specifically denied, every material allegation of

the pleadings must be taken as true. This question was not raised before or during the trial, nor was it considered by the court on the motion for a directed verdict. If, however, it was the duty of the court to direct a verdict for any reason, the judgment should be affirmed. The court did not, in this case, order any reformation of the pleading, and all parties proceeded with the trial of the cause upon the presumption that issue had been joined upon all material questions in the case.

We think this was a correct interpretation of the pleadings. The plaintiff sought to recover upon a contract. The defendant denied that any such contract had ever been made. The petition and answer, therefore, did join issue upon this question of fact vital to plaintiff's recovery. The burden was upon the plaintiff to establish the affirmative of this issue by a preponderance of the evidence before he would be entitled to recover anything. But the defendant's answer contained more than a denial of the making of this contract. It admitted that he had entered into a contract, by the terms of which he was to act as defendant's agent for the purchase of coal, and whereby all coal bought by him was to be bought for and on behalf of the defendant. This required the pleading of further facts by plaintiff in avoidance of this admission. This affirmative matter of the amended reply was in effect an affirmative traverse of a defense set up in the answer, which need not be controverted. Columbia Life Ins. Co. v. Tousey, 152 Ky. 447, 449, 153 S. W. 767.

While it might have been advantageous to the defendant to have filed a specific denial to this affirmative matter in the amended reply, nevertheless its failure to do so could not amount to an admission that it had entered into this contract pleaded in the petition and which it had specifically denied in its answer. Without such admission or proof, plaintiff was not entitled to judgment.

[2] Upon the second question, this court is clearly of the opinion that there is a substantial conflict in the evidence that should have been submitted to the jury. The plaintiff admitted that at the time he claimed to have bought this coal he was acting as the agent of the defendant under a written contract by the terms of which he was to receive $500 per month and 5 cents a ton on a certain 100,000 tons of coal; that his duty as such agent was to work with the operators and about the mines buying coal, reporting on properties, etc., exclusively for the Ken-

4 F.(2d)—33

tenia Coal Sales Company, and which contract further provided "This clause is not intended to prevent said M. M. Tyree from making personal trades not connected with the buying or selling of coal."

Evidence was offered tending to prove that the plaintiff, while acting as agent of defendant under the terms and conditions of this contract, purported to purchase this coal on his own account from the Opperman mines, without making any disclosures whatever to his principal, and without first obtaining its consent so to do; that this coal was shipped and sold upon the order of the defendant for at least one month before the plaintiff made any definite statement to any officer of the company in reference to the transaction being one for his own account; that during this month he made several statements that were at least evasive, if not misleading.

There is also evidence tending to prove that the plaintiff directed the defendant how to keep its books of account in reference to this transaction, and that, shortly before payment became due the mine owner for the first month's shipment, the plaintiff explained to Mr. Polk, the vice president of the defendant, the real nature of the transaction. It is not claimed, however, that Mr. Polk had any authority to make any contract with the plaintiff on behalf of the defendant. Evidence was also introduced on the part of the plaintiff tending to prove that Mr. Henry, the general manager of the defendant and authorized to make contracts in its behalf, about this time, or shortly thereafter, was fully advised in reference to the transaction, and that, acting for and on behalf of the defendant, he waived the terms of the written contract of agency pleaded in defendant's answer and agreed and consented to sell this coal for the plaintiff for a commission of 8 per cent. on the total amount of sales and to pay the surplus profits to the plaintiff. Upon this proposition Mr. Henry testified that he resides in Cincinnati; that he is the general manager of the defendant; that he makes contracts and performs duties generally assigned to the general manager of a company; that no one other than himself had the right and power to make contracts with the agents and employés of the company; that he made the written contract of agency with Mr. Tyree on March 24, 1920; that he had no knowledge or information that Tyree was purchasing this coal on his own account until the receipt of Tyree's letter on March 24,

1921; that he then wrote Tyree, asking him to come to Cincinnati, and that on March 29th Tyree told him for the first time that he was claiming all of this money, and that no part of it was to go to the Opperman Coal Company; that he then called Tyree's attention to his contract of agency with defendant, and Tyree said to him, "We will not talk about the contract." This was a direct contradiction of plaintiff's evidence on a material matter. The question of the veracity of the witnesses was a question for the jury.

A number of letters and telegrams were introduced in evidence, which do not in and of themselves constitute a written contract, nor does the plaintiff claim under a written contract. These letters and telegrams may or may not be important links in the chain of evidence, and may or may not affect the question of the veracity of the witnesses, but, in view of the direct conflict in the oral evidence, they do not justify the withdrawal of the case from the jury.

For the reasons stated, the judgment of the District Court is reversed, and cause remanded for further proceedings and trial.